

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

December 11, 2025

**BY ECF**

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Knight First Amendment Institute v. Office of Management and Budget, et al.,* 25 Civ. 8783 (DEH)

Dear Judge Ho:

      This Office represents the defendant agencies in this Freedom of Information Act (FOIA) case. We write jointly with counsel for plaintiff to provide information as directed in the Court's October 28, 2025 Order, ECF No. 9. We address each topic in turn. After answering the matters in the Order, we also: (1) provide a status report regarding searches and processing to date; (2) propose regular joint status reports; and (3) set forth the government request, with plaintiff's consent, an adjournment without date of its time to answer or otherwise respond to the complaint.

      **Responses to matters raised in the October 28 order.** At the outset, we note that this is a FOIA case, and accordingly exempted by Local Civil Rule 16.1 from the mandatory scheduling order normally required by Federal Rule of Civil Procedure 16(b). Accordingly, we have not prepared a proposed case management plan.

      (1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

This FOIA case concerns several related FOIA requests plaintiff made to the defendant federal agencies or components; the requests broadly seek agreements between certain law firms and the federal government, as well as related records, including communications. *See* ECF No. 6-1 at 6-7 (FOIA request). The principal legal and factual issues will be whether the government has conducted an adequate search and whether any FOIA exemptions asserted are justified. The parties expect issues will be resolved either through the parties' agreement, or by the submission of cross-motions for summary judgment on the basis of agency declarations. *Carney v. DOJ*, 19 F.3d 807, 812 (2d Cir. 1994).

      (2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title

28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g., Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

Because this action arises under FOIA, this Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701–706, and 28 U.S.C. §§ 1331, 2201, and 2202. Plaintiff claims that venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because plaintiff has its principal place of business in this district.

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

None.

(4) A brief description of any outstanding motions;

None.

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

None. As discussed above, we do not expect discovery to be necessary or appropriate. *See* Local Civil Rule 16.1 (providing that in FOIA cases, "[d]iscovery may proceed . . . only at the time, and to the extent, authorized by the court."). We note that the government has provided some information to plaintiff about the status and results (where available) of searches conducted to date.

(6) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

The parties have had several brief telephone calls to discuss the status of the agencies' searches, but believe that discussions of settlement are premature.

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate;

Honorable Dale E. Ho  Page 3
December 11, 2025

The parties have discussed the use of ADR, but believe that settlement discussions are premature at this time: some agencies are still conducting their searches and/or processing potentially responsive records, and no dispute has arisen thus far. To the extent disputes do arise, they will likely concern the adequacy of the government's search or the scope of claimed exemptions, and the parties anticipate such disputes would likely not be suitable for ADR.

    (8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case. As noted above, the parties shall include a statement as to whether they will proceed directly to dispositive briefing and, if so, a proposed briefing schedule.

Because search and processing are still ongoing for some agencies, summary judgment motion practice is premature, as is setting a schedule. We provide some additional relevant information in the status report below.

    **Joint status report.** The complaint seeks records from three distinct entities for FOIA purposes: (1) the Office of Management and Budget (OMB), and two separate components of the Department of Justice (DOJ): (2) DOJ's Office of Legal Counsel (OLC); and (3) the DOJ's Information Policy (OIP), which, among other things, conducts FOIA operations for DOJ leadership offices.

    OMB completed its search on December 9, and is now conducting an initial responsiveness review of the resulting potentially responsive records. OMB expects this will take some time, because there are indications that a significant number of nonresponsive records were gathered in the search. Once OMB has completed this initial review, it will process the resulting records at a rate of 500 pages per month.[1]

    OIP has initiated its search process, and specifically is searching records of the Office of Attorney General, Office of the Deputy Attorney General, and Office of the Associate Attorney General. OIP intends to provide an estimated date of completion for its initial searches in the parties' next joint status report.

    Shortly after receiving the request, OLC completed a search, and provided plaintiff response on May 30, 2025, indicating it had found no records.

    **Proposal for regular joint status reports.** The parties respectfully suggest that they provide the Court monthly joint status reports. We propose a status report be due on January 16,

---

[1] By "process" 500 pages per month, we mean that OMB will: remove any duplicates; review each page for a final determination of responsiveness; then review the resulting pages for OMB equities, applying FOIA redactions as appropriate; and then review to determine whether any other executive branch agencies or components require consultation or referral for their own equities. All fully processed pages that do not require consultation or referral will be provided to plaintiff in rolling productions each month.

Honorable Dale E. Ho  Page 4
December 11, 2025

2026, and on the 16th of each month thereafter (or, if that is a weekend or holiday, the next business day).

      **Request to adjourn the answer.** Finally, the government, with plaintiff's consent, respectfully requests an adjournment without date of the government's time to answer or otherwise respond to the complaint, which is currently Monday, December 15. Some of the same staff who would be involved with preparing a response to the complaint are working to process the FOIA requests, and it would be most efficient for those staff to continue those efforts. In addition, as noted above, FOIA cases are generally resolved through cross-motions for summary judgment based on legal argument and factual matter provided by declarations, without discovery. *See, e.g., Wood v. Fed. Bureau of Investigation*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney*, 19 F.3d at 812–13. Other than certain basic facts about the procedural history of the request and the litigation, the allegations of the complaint and the government's response to those allegations will not be relevant to any dispute actionable under FOIA. Therefore, we do not expect that the answer would serve a litigation purpose. For these reasons—and with plaintiff's consent—we respectfully request that the government's time to answer or otherwise respond to the complaint be adjourned without date.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      JAY CLAYTON
      United States Attorney
      Southern District of New York

      By: */s/ Peter Aronoff*
      PETER ARONOFF
      Assistant United States Attorney
      Telephone: (212) 637-2697
      E-mail: peter.aronoff@usdoj.gov
      *Counsel for defendants*

cc: Counsel for plaintiff (via ECF)