**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 16, 2026

**BY ECF**
The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Knight First Amendment Institute v. Office of Management and Budget, et al.*, 25 Civ. 8783 (DEH)

Dear Judge Ho:

This Office represents the defendant agencies in this Freedom of Information Act (FOIA) case. We write jointly with counsel for plaintiff to provide a joint status report, as directed by the Court's December 15, 2025 Order, ECF No. 13. In addition, plaintiff requests a conference with the Court to discuss the status of this matter.

**Status report.** As we noted in our initial letter, the complaint seeks records from three distinct entities for FOIA purposes: (1) the Office of Management and Budget (OMB), and two separate components of the Department of Justice (DOJ): (2) DOJ's Office of Legal Counsel (OLC); and (3) the DOJ's Information Policy (OIP), which, among other things, conducts FOIA operations for DOJ leadership offices.

As previously reported, OMB completed its initial search on December 9, 2025, and processed over 3,500 pages; however, none of these pages were found to be responsive. OMB also conducted a supplemental search based on discussions with plaintiff. The parties have continued to confer about OMB's search terms given the non-responsiveness of the results. Last month, plaintiff shared some specific narrowing suggestions. After applying plaintiff's narrowing to the existing search results, OMB did not locate any responsive records.

OIP previously issued its final response to plaintiff's request. The parties have discussed certain questions plaintiff raised about OIP's response. OIP is preparing an informal statement to provide plaintiff with additional information about the basis for its withholdings. OIP expects to provide this document to plaintiff by November 6, 2026.

As we previously reported, shortly after receiving the request, OLC completed a search, and provided plaintiff its response on May 30, 2025, indicating it had found no records. However, based on discussions between the parties, OLC is conducting a targeted supplemental search, for which it anticipates completion within the next few weeks.

Under the Court's standing order for status reports, ECF No. 13, the parties' next report will be due November 16.

**Plaintiff's request for a status conference.** Plaintiff respectfully requests a status conference to address the prolonged delays in this matter and establish a concrete timetable for its resolution. Nearly a year after this litigation commenced, the agencies have collectively produced just 17 pages of records, and substantial questions remain about the scope and results of their searches and the bases for their withholdings. OIP produced 17 pages in June 2026, but has yet to provide an explanation of the substantive redactions, which it now anticipates providing in November. OLC initially reported that it had located no responsive records, notwithstanding the apparent inclusion of OLC in OIP's subsequent production, and has yet to produce any records of its own. OMB initially identified a substantial volume of potentially responsive material, but ultimately reported finding no responsive records. After inviting Plaintiff to propose ways to narrow its search, OMB applied Plaintiff's suggestions to its existing results rather than conducting the revised search Plaintiff had proposed. The parties have continued to confer about these issues, but meaningful progress has remained elusive.

Plaintiff does not seek a determination of the adequacy of any agency's search or the propriety of its withholdings at a status conference. Rather, Plaintiff seeks the Court's assistance in establishing deadlines for completing the outstanding searches and providing the information necessary to evaluate the agencies' responses, identifying which issues remain in dispute, and setting a schedule for resolving those issues, including through summary judgment if necessary. Given the passage of time and the limited progress to date, Plaintiff believes judicial case management would facilitate the efficient resolution of this action and avoid further unnecessary delay.

*Government's position.* The government does not oppose the request for a status conference, but certain characterizations in plaintiff's position that explain the purported need for a conference are, in our view, materially incorrect.

With respect to OMB, as the government has explained, there is no evidence that OMB (an agency within the Executive Office of the President) was involved in creating the agreements with law firms that are the subject of this FOIA case. *See* Complaint ¶ 21. OMB has reviewed thousands of pages of records based on search terms that plaintiff has provided input on, and which the agency has disclosed. Given the broad search terms used, the fact that no responsive pages have been found to date does not create an inference that its search was inadequate. OMB has also agreed to provide additional information about its search. Any suggestion the agency has been opaque or uncooperative is inaccurate.

With respect to OIP, the agency has completed its search and processing, and is preparing to provide additional information about the basis for its withholdings.

With respect to OLC, the agency gave a no-records response before this litigation was filed. Although it is true that certain email records in the OIP production referred to OLC, those pages still do not indicate that OLC is likely to have responsive records: they relate to OLC's

input on executive orders, not on any agreements with law firms. OLC has nonetheless agreed to conduct a supplemental search to satisfy plaintiff's concerns, which is nearly complete.

The government is prepared to provide additional detail about the status of each agency's search and processing at a conference if it would be helpful to the Court.

We thank the Court for its attention to this matter.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: /s/ Peter Aronoff
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov
*Counsel for Defendants*

cc: Counsel for plaintiff (via ECF)

**APPLICATION GRANTED.** Plaintiff's unopposed request for a status conference is **GRANTED**. The parties shall appear for a telephonic status conference at 10:00 am ET on October 27, 2026. The conference will be held via Microsoft Teams. The parties may join the conference by dialing 646-453-4442, and entering conference ID number 550 115 307#.

By no later than October 22, 2026, the parties shall file a joint status letter proposing: (1) deadlines for completing outstanding searches and providing information necessary for Plaintiff to evaluate the agencies' responses and to identify any issues that remain in dispute, and (2) a schedule for resolving such issues, if any, including through summary judgment if necessary. If the parties cannot agree on any of the above, the letter may set forth the parties' competing proposals and their respective positions (no more than 2 pages per side).

**SO ORDERED.**

Dated: October 19, 2026
New York, New York

Dale E. Ho
United States District Judge